UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
ANGELA TESE-MILNER, as Chapter 7         :
Trustee of the Bankruptcy Estate of      :
Sarah Louie,                             :    06 Civ. 1630 (DLC)
                        Plaintiff,       :
                                         :    OPINION AND ORDER
             -v-                         :
                                         :
AD EFX PROMOTIONS, INC., DEAN CHUNG,     :
COMFORT INN & SUITES HOTEL, CHOICE       :
HOTELS INTERNATIONAL, INC., and CHARLES  :
A. LEDSINGER, JR.,                       :
                                         :
                        Defendants.      :
                                         :
----------------------------------------X

Appearances:

For Plaintiff:
Jeffrey Drummond
Tese & Milner
One Minetta Lane
New York, NY  10012

For Defendant Comfort Inn:
Rubin, Fiorella & Friedman LLP
292 Madison Avenue, 11th Floor
New York, NY 10017

DENISE COTE, District Judge:

    This Opinion addresses whether there is personal

jurisdiction in New York over a Florida hotel that is party to a

franchise agreement with a Delaware corporation in a tort action

arising out of the near-drowning of a Florida resident in the

hotel swimming pool.  Defendant Devanjali Inc., doing business

as Comfort Inn & Suites Tropicana Field ("Comfort Inn"), has

moved to dismiss the claim against it for lack of personal
jurisdiction.  The plaintiff, Angela Tese-Milner, is the Trustee
in Bankruptcy of the Chapter 7 case of Sarah Louie, the accident
victim.  Plaintiff asserts personal jurisdiction in this
diversity action pursuant to New York's long arm statute, N.Y.
C.P.L.R. §§ 301, 302(a)(1).  For the reasons set forth below,
Comfort Inn's motion is granted.

Background

     The following facts are taken from the complaint and the
parties' submissions on the instant motion.  They are undisputed
except where otherwise noted.

A. The Accident

     The lawsuit arises out of an accident (the "Accident") that
took place on January 2, 2004, on the premises of defendant
Comfort Inn, a hotel located in St. Petersburg, Florida.  On
that day, Sarah Louie, a Florida resident, conducted door-to-
door sales on behalf of her employer Ad EFX Promotions, Inc.
("EFX") with four co-workers.  While the group stopped for
dinner at a restaurant near the Tropicana Field baseball stadium
in St. Petersburg, one member called the defendant Comfort Inn

to reserve a room.[1]  After driving to the hotel, one individual checked into the room at the front desk while the others went directly to the room.

Due to EFX regulations, Ms. Louie could not take a shower in the overcrowded room and went to the Comfort Inn hot tub and pool area with her soap and towel.  While the events between Louie's departure for the pool area and her subsequent accident have yet to be explained, Louie nearly drowned in the Comfort Inn swimming pool.  When her colleagues pulled her out of the bottom of the pool's deep end, she was unconscious and not breathing.  A colleague administered CPR and hotel personnel called for emergency medical assistance.  Upon their arrival, emergency medical personnel performed a tracheatomony upon Louie and took her to a local hospital.  After seven weeks of treatment in Florida, Louie's family brought her to New York where she currently lives with her parents.  As a result of the Accident, Louie alleges that she sustained serious injuries, including brain damage.

---

[1] Plaintiff contends that Comfort Inn has destroyed reservation records.  This allegation is irrelevant to the question of jurisdiction.  Plaintiff admits that she and her co-workers reserved the room at the Comfort Inn on the night of the Accident by calling the hotel from a nearby location.

B. The Complaint

Louie declared bankruptcy due to unpaid medical expenses exceeding $300,000.  On October 13, 2004, Angela Tese-Milner was appointed the Chapter 7 Trustee for Louie's case.  Plaintiff filed this action on March 1, 2006 against defendants Comfort Inn; its franchisor Choice Hotels International, Inc. ("Choice"); Charles A. Ledsinger, Jr., the president of Choice;[2] EFX; and Dean Chung, an EFX officer.  The complaint alleges that the Accident and Louie's resulting injuries were caused by the negligence of Comfort Inn and the other defendants.[3]

C. Comfort Inn

The Comfort Inn is owned and operated by Devanjali, Inc. ("Devanjali").  Devanjali is incorporated in the state of Florida and maintains its principal place of business in that state.  Devanjali is not licensed or authorized to do business in the state of New York.  It does not maintain any offices or bank accounts in New York, nor does it have any employees or telephone numbers based in New York.

---

[2] The claims against Ledsinger were dismissed with prejudice on April 5, 2006.

[3] Plaintiff also asserts claims against EFX for unlawful discharge under the Americans with Disabilities Act and for failure to provide Worker's Compensation Insurance that are not relevant to this motion.

Devanjali entered into a franchise agreement with Choice pursuant to which it was granted a license, as a franchisee, to use, inter alia, the marks and designated logo of Choice in operating the Comfort Inn.  According to the terms of this agreement, Devanjali paid Choice a non-refundable affiliation fee.  This agreement required Devanjali to pay Choice at least three monthly fees once it had begun to rent rooms at the Comfort Inn: a royalty fee, a marketing fee, and a reservation fee.

No Comfort Inn employees or agents travel outside of the state of Florida for marketing or sales purposes.  The only business-related activity for which Comfort Inn's employees or agents travel outside of the state of Florida is the Choice annual meeting, which involves all of the corporation's hotel franchisees in the United States.

Comfort Inn does not create any of its own marketing, promotions, or publicity.  It does not specifically allocate any money to advertising any of its facilities.  Comfort Inn has not created and does not maintain a website on the internet, nor has it ever requested another individual or entity to do so on its behalf.  Any websites that contain information about Comfort Inn are not created or maintained by Comfort Inn.

D. Choice

Choice is a franchisor of ten mid-market hotel chains, including Comfort Inn, Comfort Suites, Quality, Clarion, Econo-Lodge, Rodeway Inn, and Main Stay Suites, and has over 1,000 franchisee hotels throughout the United States.  Choice is a Delaware corporation with corporate headquarters located in Maryland.

Choice uses the fees received from its franchisees across the country to provide certain services.  It uses the reservation fees to maintain a central reservation system ("CRS") for the hotels in its system as well as other hotel systems operated by it or its affiliates.  Through the CRS, customers may book, reserve, and pay for a reservation at the Comfort Inn in St. Petersburg, Florida.  Choice's E-Commerce Department administers the CRS as well as two websites that provide information about the company's franchisees, including the Comfort Inn.  Choice's computer systems operate from servers in Arizona and Illinois and its corporate headquarters in Maryland.  Choice's E-Commerce Department also administers call centers that, among other things, receive reservations for its franchisees through toll free telephone numbers.  These call centers are located in South Dakota and Colorado.  Choice also uses marketing fees received from its franchisees to advertise on television and to produce and distribute an annual, printed

6

Worldwide Hotel Directory featuring information about its franchisees.

E. Procedural History

Comfort Inn was served with the summons and complaint on March 13, 2006.  The parties appeared at an initial pretrial conference on March 16.  During a telephone conference with the parties on June 8, the parties were permitted to conduct discovery on jurisdictional issues.  That discovery ended on October 10.

Comfort Inn moved to dismiss the action against it on August 25.  The plaintiff opposed the motion on October 23 and Comfort Inn replied on November 3.  In conjunction with its motion, the defendant submitted one affidavit authenticating documents as well as affidavits from Rick Patel, the general manager of Comfort Inn, and Thakor Patel, an equitable owner and vice president of Comfort Inn.  The plaintiff submitted documents, a declaration, and five depositions.[4]

---

[4] The depositions are of Gary Thomson, senior vice president of Choice; Laura Bajkowski, Robert Kerr, and Mary Beth Knight, vice presidents of Choice; and Rick Patel, general manager of Comfort Inn.

Discussion

Plaintiff relies on two provisions in New York's long arm statute for personal jurisdiction over Comfort Inn.  It asserts general jurisdiction under N.Y. C.P.L.R. § 301 ("Section 301") based on the actions of its agent, Choice, to market and solicit extensively in New York.  It also asserts specific jurisdiction under N.Y. C.P.L.R. § 302(a)(1) ("Section 302(a)(1)") based on the theory that New York-consummated reservations for Comfort Inn rooms solicited and made through Choice's central reservation system are sufficient to confer long-arm jurisdiction on Comfort Inn.

In a diversity case, the issue of personal jurisdiction must be determined according to the law of the forum state. D.H. Blair & Co., Inc., v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006).  A district court may exercise jurisdiction over any defendant who would be subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. Fed. R. Civ. P. 4(k)(1)(a); Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 94 (2d Cir. 2000).  Any exercise of personal jurisdiction over the defendants must also comport with the Due Process Clause.  D.H. Blair, 462 F.3d at 104; Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005).  It is well established that on a motion to dismiss for lack of personal jurisdiction, the "plaintiff bears the

burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (per curiam).  Following discovery, a plaintiff must prove by a preponderance of the evidence that personal jurisdiction over the defendant exists.  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996); Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).  If material facts are in dispute, a hearing must be held to determine whether the plaintiff has satisfied her burden.  Ball, 902 F.2d at 197.

1. General Jurisdiction Under Section 301

    Under Section 301, personal jurisdiction exists over a foreign corporation that is doing business in the state "not occasionally or casually, but with a fair measure of permanence and continuity." Wiwa, 226 F.3d at 95 (citation omitted); N.Y. C.P.L.R. § 301 (codifying caselaw that incorporates "doing business" standard).[5]  A fact-specific inquiry is necessary to determine whether a corporation's contacts with New York demonstrate "continuous, permanent and substantial activity." Wiwa, 226 F.3d at 95 (citing Landoil Res. Corp. v. Alexander & Alexander Servs., 918 F.2d 1039, 1043 (2d Cir. 1990)).  The

_____

[5] Section 301 provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."  N.Y. C.P.L.R. § 301.

contacts to be considered include the existence of an office in
New York, the solicitation of business in New York, the presence
of property in New York, and the presence of employees or agents
in New York.  Landoil, 918 F.2d at 1043.  Solicitation of
business alone is insufficient to find general jurisdiction.
Id.

    New York courts may exercise jurisdiction over a foreign
corporation based upon the activities performed by its agent in
New York.

> Under well-established New York law, a court of New York
> may assert jurisdiction over a foreign corporation when it
> affiliates itself with a New York representative entity and
> that New York representative renders services on behalf of
> the foreign corporation that go beyond mere solicitation
> and are sufficiently important to the foreign entity that
> the corporation itself would perform equivalent services if
> no agent were available.

Wiwa, 226 F.3d at 95 (emphasis supplied); see, e.g., Frummer v.
Hilton Hotels Int'l Inc., 19 N.Y.2d 533, 537 (1967) (finding
jurisdiction over foreign hotel chain based on the activities of
affiliated New York-based reservations service); see also
Welinsky v. Resort of the World D.N.V., 839 F.2d 928, 929 (2d
Cir. 1988) (applying Frummer to find jurisdiction over foreign
hotel corporation due to reservation activities of subsidiary
located in New York); Gelfand v. Tanner Motor Tours, Ltd., 385
F.2d 116, 120-21 (2d Cir. 1967) (applying Frummer to find
jurisdiction over independent tour operator based on the booking

activities of affiliated travel agent located in New York).  "To come within the rule, the plaintiff need demonstrate neither a formal agency agreement, nor that the defendant exercised direct control over its putative agent.  The agent must be primarily employed by the defendant and not engaged in similar services for other clients."  Wiwa, 226 F.3d at 95 (citation omitted).

The plaintiff has failed to satisfy the requirements of Section 301 by showing that Comfort Inn engages in continuous, permanent, and substantial activity in New York either on its own or through its agent Choice.  It is undisputed that Comfort Inn is incorporated and located in Florida and that it does not have any presence in New York.  Its solicitation of New York residents through the Choice website and its receipt of income from New York residents who stay at Comfort Inn in Florida are insufficient to create general jurisdiction in New York over Comfort Inn.

Plaintiff's resort to an agency theory for general jurisdiction fails.[6]  To the extent Choice performs marketing, solicitation, and reservation services for Comfort Inn, it does the same for many other franchisees.  Even if it were appropriate to consider Choice to be Comfort Inn's agent for the

---

[6] It is not clear that the plaintiff is making this argument during her two-page discussion of general jurisdiction.  Out of an abundance of caution, it is nonetheless addressed.

purposes of the Frummer test, Choice is not a New York entity

and does not perform these services for Comfort Inn in New York.[7]

Choice is a Delaware corporation with its principal place of

business in Maryland.  The computer systems and servers through

which Choice allegedly markets and solicits business in New York

on behalf of its approximately 1,000 franchisees are located in

Arizona and Colorado.  That significant business revenue may

flow to Comfort Inn from New York residents is irrelevant in

this context as well.[8]

Plaintiff's reliance on Frummer, 19 N.Y.2d 533, Gelfand,

385 F.2d 116, Darby v. Compagnie Nat. Air France, 735 F. Supp.

555, 561 (S.D.N.Y. 1990), and Sankaran v. Club Mediterranee,

S.A., No. 97 Civ. 8318 (RPP), 1998 WL 433780, at *3 (S.D.N.Y.

July 31, 1998), is unavailing; all four cases considered

situations in which the agents that provided services for the

foreign defendant were physically located in New York.[9]

---

[7] It is therefore unnecessary to explore whether the services
that Choice performs for Comfort Inn extend sufficiently beyond
solicitation of business to support a finding of general
jurisdiction in the event these services were performed by a New
York entity.

[8] Plaintiff contends that Comfort Inn has destroyed evidence that
would show the extent to which New York residents use the CRS
system to reserve rooms at Comfort Inn.  Even if defendants
maintained and produced such information, it would not
demonstrate that general jurisdiction exists over Comfort Inn.

[9] Plaintiff contends that Sankaran, 1998 WL 433780, supports
jurisdiction over Comfort Inn under Section 302(a)(1), although

Plaintiff's recourse to <u>Thomas Publ'g Co. v. Indus. Quick
Search, Inc.</u>, 237 F. Supp. 2d 489 (S.D.N.Y. 2002), is similarly
unpersuasive.  In <u>Thomas Publ'g</u>, the Court found that general
jurisdiction existed over the defendant because its interactive
website operated in New York, New York-based sales agents
successfully solicited advertisers for the defendants'
publication, and its owner and co-defendant regularly visited
New York to further its business.  <u>Id.</u> at 491.  Plaintiff has
pointed to no case in which a court sitting in New York has
exercised general jurisdiction over a foreign corporation due
solely to the solicitation and marketing activities of its non-
New York agent through a web-based reservation program that is
also not located in New York.  This Court lacks Section 301
general jurisdiction over Comfort Inn.

2. Jurisdiction Under Section 302(a)(1)

     Section 302(a)(1) allows the exercise of personal
jurisdiction if the defendant "transacts any business within the
state" and the cause of action "arises from" that business
activity.[10]  <u>D.H. Blair</u>, 462 F.3d at 104.  New York courts have

---

this case considered the application of Section 301 general
jurisdiction over a foreign defendant.  <u>Sankaran</u> does not assist
plaintiff with either of her theories of jurisdiction.

[10] Section 302(a) states, in pertinent part:

held that a claim "arises from" a particular transaction when there is "some articulable nexus between the business transacted and the cause of action sued upon," or when "there is a substantial relationship between the transaction and the claim asserted." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006) (citation omitted); see also Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir. 1996). "A connection that is merely coincidental is insufficient to support jurisdiction." Sole Resort, 450 F.3d at 103 (citation omitted). This inquiry is a fact-specific one. Id.; see, e.g., D.H. Blair, 462 F.3d 95 at 105 (finding jurisdiction due to existence of requisite relationship between a challenge to an arbitration award and the New York contacts underlying the contract that gave rise to the arbitration itself).

In cases involving internet activity, "personal jurisdiction over a defendant is not appropriate simply because the defendant maintains a website which residents of New York may visit." Hsin Ten Enter. USA, Inc. v. Clark Enters., 138 F.

---

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary who in person or through an agent:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state.

N.Y. C.P.L.R. § 302(a).

Supp. 2d 449, 456 (S.D.N.Y. 2000) (citing Bensusan Rest. Corp. v. King, 126 F.3d 25, 29 (2d Cir. 1997)).  The exercise of personal jurisdiction depends upon the "nature and quality of commercial activity that an entity conducts over the internet." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000) (citation omitted).  In the Section 302(a)(1) context, it also depends on the relationship between the website activity and the plaintiff's claim.  See, e.g., In re Ski Train Fire in Kaprun, Austria on November 11, 2000, No. 01 MDL 1428 (SAS), 2003 WL 22909153, at *4 (S.D.N.Y. Dec. 9, 2003) (declining to find personal jurisdiction under Section 302(a)(1) based on defendant's interactive website where plaintiffs failed to allege they visited the website or used it in connection with the events that were the subject of the litigation).

The plaintiff has failed to make a prima facie showing of an articulable nexus or substantial relationship between any business transaction in New York and the instant action that would support specific jurisdiction under Section 302(a)(1). The plaintiff has engaged in extensive efforts to demonstrate that Comfort Inn transacts business in New York through its reliance on and use of Choice's solicitation and marketing activities -- whether through the CRS, the web, print media, call centers, or television advertising.  These efforts, however, are insufficient to support specific jurisdiction

without a showing that such business bears an "articulable
nexus" or "substantial relationship" to the instant action: a
tort claim based upon Comfort Inn's alleged negligence in
owning, operating, supervising, and maintaining a swimming pool
located on its premises in Florida.  Plaintiff admits that Louie
and her colleagues reserved their room at the Comfort Inn
through a telephone call from a nearby restaurant, not through
the Choice CRS system or any other purported Comfort Inn
business transaction in New York.  That New York residents may
make reservations at the Comfort Inn through the online CRS
system, that Comfort Inn employees use the CRS system on a daily
basis to let rooms and secure payment for hotel services, or
that the CRS system does "everything except clean" the Comfort
Inn is not dispositive.  Since plaintiff's negligence claim
against Comfort Inn does not "arise from" any Comfort Inn
business transaction in New York, Section 302(a)(1) cannot
support specific jurisdiction over Comfort Inn.

Plaintiff's reliance on Agency Rent A Car, 98 F.3d 25, is
unavailing.  In that licensing dispute, out-of-state defendants
transacted "continual, repetitive, and essential" business in
New York, which included almost daily contact and the
"continuous transmission of payments and reports" to the
licensor-plaintiff, a New York resident corporation.  Id. at 30.
The claim for declaratory relief arose out of these New York

business transactions because the claim sought to interpret the licensing agreements pursuant to which the defendants conducted their New York business.  Id. at 31.


Conclusion

The motion by Comfort Inn to dismiss for lack of personal jurisdiction is granted.


SO ORDERED:


Dated:     New York, New York
           January 26, 2007

                              _____
                                   DENISE COTE
                              United States District Judge